224 A.2d 606.

LEO DUBOIS *et ux. vs.* ZONING BOARD OF REVIEW OF THE CITY OF PROVIDENCE.

DECEMBER 6, 1966.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

462

PAOLINO, J. This is a petition for certiorari to review the decision of the respondent board which denied the petitioners' application for a variance. Pursuant to the writ the pertinent records have been certified to this court.

In 1944 petitioners, Mr. and Mrs. Leo Dubois, purchased a three-story, fifteen-room house on a lot of land located in an R-1, one-family zone in Providence. An inspection by municipal authorities in 1964 revealed that petitioners were using the property in violation of the zoning ordinance. This resulted in the filing of the instant application for a variance for permission to use the premises for a "Five (5) family apartment and one (1) Roomer."

At the board hearing Mrs. Dubois stated that when they purchased the property it had been used as a convalescent and nursing home; that for a couple of years they used it as a rooming house; and that they then converted it to a five-family apartment house and a one roomer. She also testified that they paid $7,500 for the property and spent $20,000 or more in alterations over the years. They presented the expert testimony of an architect that it would cost between ten and fifteen thousand dollars to alter the premises to meet the requirements of an R-1 use. The remonstrants presented evidence against the application.

After the hearing the board denied the application in a written decision based on two grounds: There was insufficient credible evidence to convince them that petitioners' property was subject to a legal nonconforming use and, secondly, they found no hardship which would justify the granting of a variance.

The petitioners admittedly treated their application as a request for a variance and the board considered it as such. Implicit in the board's finding on the question of hardship is a determination that petitioners failed to sustain their burden of proving that a literal application of the terms of the ordinance completely deprived them of all beneficial

use of their property. *Laudati* v. *Zoning Board of Review*, 91 R. I. 116. There is no competent evidence of loss of all beneficial use and therefore the board's decision on this issue is correct.

The petitioners' constitutional claim of confiscation without just compensation is not properly before us. *Heffernan* v. *Zoning Board of Review*, 49 R. I. 283, 286. But even if it were, since they have failed to prove deprivation of all beneficial use of their property, their claim would be groundless. *Heffernan* v. *Zoning Board of Review*, 50 R. I. 26, 32.

On the record the board was without jurisdiction to consider petitioners' claim that their property was being used as a legal nonconforming use. This question was settled in *Winters* v. *Zoning Board of Review*, 80 R. I. 275, and is dispositive of the issue in the case at bar. In discussing this problem in *Winters* the court said at page 278:

> "The petitioner, however, contended here that the application could also be considered as one to establish his *right* to a nonconforming use. There is no merit in that contention. The application does not refer to any claim of such a use. Moreover an application for an exception or a variance is addressed to the board's discretion and by its very nature precludes the assertion thereunder of any claim of *right* to a nonconforming use. *Heffernan* v. *Zoning Board of Review*, 49 R. I. 283. If petitioner relies on such a right nothing in the instant proceedings either here or before the board will foreclose him from asserting it in some other appropriate proceeding."

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the records certified to this court are ordered returned to the respondent board with our decision endorsed thereon.

*Francis Castrovillari*, for petitioners.

*Robert J. McOsker, Edward F. Malloy*, for respondents.